## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6312 | **DATE** | 2/13/2003 |
| **CASE TITLE** | L.V.M. Corp. Vs. Choice Hotels Internat'l Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Counsel for the parties are directed to appear for that purpose on February 26, 2003 at 10:30am. For now the motions are continued.

(11) ■ [For further detail see order attached to the original minute order.]



# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

L.V.M. CORPORATION, )
  )
        Plaintiff, )
  )
vs. ) No. 02 C 6312
  )
CHOICE HOTELS INTERNATIONAL, INC., )
  )
        Defendant. )

FEB 1 3 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff L.V.M. Corporation (LVM) was a Comfort Inn franchisee (the franchise agreement apparently expired on February 3, 2003, and was not renewed). Toward the end of the franchise period, when it was uncertain whether or not plaintiff would renew, or perhaps earlier, defendant required plaintiff to purchase a software program for $35,000, with a $700 maintenance charge. LVM resisted the charge and, after some negotiations, the nature of which is disputed, defendant suspended plaintiff from reservations on June 10, 2002, citing the failure of plaintiff to acquire the software program. At some point prior to February 3, 2003, the suspension was lifted.

Plaintiff filed a 27-page complaint, with nine counts, in state court. Defendant removed the case to federal court and responded with sixteen affirmative defenses and a counterclaim. Plaintiff countered with motions to strike fifteen of the sixteen affirmative defenses and to dismiss the counterclaim. Defendant insists it has said enough to satisfy notice pleading and stands on its defenses and its counterclaim.

We see no useful purpose to be served by a detailed analysis of all the various

contentions raised. The overriding purpose of the Federal Rules of Civil Procedure, as enunciated in Rule 1, is the "just, speedy, and inexpensive determination of every action." The present pleading war does not further that purpose. Some of the defenses are so bare bones as to be inexplicable, some are really denials of plaintiff's allegations, and some may be insufficient as a matter of law. But we think a better way to approach this is to have a pretrial conference at which the parties are prepared to discuss what the fight is all about and to clear the way to proceed with discovery. Counsel for the parties are directed to appear for that purpose on February 26, 2003, at 10:30 a.m. For now the motions are continued.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　JAMES B. MORAN
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Senior Judge, U. S. District Court

Feb. 13, 2003.